IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MINDY BICKEL,** | : | Civil No. 1:21-CV-1494 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **STATE FARM MUTUAL** | : | |
| **AUTOMOBILE INSURANCE** | : | |
| **COMPANY,** | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

### I.   Factual Background

This is an insurance dispute between Mindy Bickel and an insurer, State Farm Mutual Automobile Insurance Company, relating to Bickel's claim for underinsured motorist ("UIM") benefits under a policy issued by State Farm. With respect to this insurance dispute the pertinent facts can be simply stated.

This case arises out of a motor vehicle accident that occurred June 19, 2019, on State Route 322 in Lebanon County, Pennsylvania. The plaintiff was a passenger in her vehicle and was rear-ended by a vehicle operated by an underinsured motorist, Yin Lu, whose negligence is not disputed. Ms. Bickel has reached a settlement with the tortfeasor's insurance carrier. At the time of the accident, Ms. Bickel was insured

by an auto insurance policy with State Farm Mutual Automobile Insurance Company, which provides for underinsured motorist benefits in the amount of $250,000 and first party medical benefits coverage of $5,000.

In this lawsuit, Ms. Bickel sues State Farm for breach of contract to recover underinsured motorists ("UIM") benefits for the plaintiff's alleged injuries and damages.

This case is set for trial in November of 2022. In anticipation of trial State Farm filed a motion *in limine*, (Doc. 30), which alleged that:

> 9. Since the named Defendant is an insurance company, it is anticipated that the Plaintiff may attempt to make reference to, or introduce testimony or evidence, regarding the following extraneous insurance information:
>
> a). The amount of premiums the Plaintiff paid to maintain her auto insurance policy with State Farm and the amount of UIM limits available;
>
> b). The payment of some of the Plaintiff's medical treatment under her first party coverage; and
>
> c). The settlement the Plaintiff reached with the tortfeasor and the tortfeasor's bodily injury liability limits.

(Id., ¶ 9). Arguing that this information is irrelevant, and potentially prejudicial and confusing, State Farm seeks to have this evidence excluded from the trial of this case.

For her part, Ms. Bickel has responded to this motion stating that:

> Plaintiff will not offer evidence of the amount of premiums paid, nor her own UIM policy limits, the tortfeasor's liability limits, or that Plaintiff's medical expenses were paid under her State Farm insurance. Therefore, Defendant State Farm's motion as to these issues is moot.
>
> However, this is a breach of contract action for UIM benefits asserted by Plaintiff against State Farm. Although Plaintiff will not offer evidence of the amount of premiums paid, Plaintiff does intend to offer evidence that a contract was formed with State Farm and that she did purchase insurance by paying a premium. Plaintiff is entitled to establish that she was a customer of Defendant State Farm and promised to pay a premium in exchange for State Farm's promise to provide UIM benefits and to properly evaluate Plaintiff's claim. Again, Plaintiff will not introduce evidence of monetary amounts of her UIM coverage, the amount or total of premiums paid, the liability coverage or tendered amount, or the payment of first party medical benefits under her State Farm auto policy.

(Doc. 39 at 2). Given this concession by Ms. Bickel, and finding that the introduction of this proof would be unduly prejudicial, and could compound confusion for the jury, for the reasons set forth below, the motion *in limine* is GRANTED.

**II.   Discussion**

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984); In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom.,

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). However, courts should be careful before doing so.

Legally, there are several different bases for motions *in limine*. First, such motions are filed when it is alleged that evidence is going to be offered that is improper under the Federal Rules of Evidence. In considering motions *in limine* that call upon the court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion ... Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.' " Abrams v. Lightolier Inc. 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); see Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion). Yet, while these

4

decisions regarding the exclusion of evidence rest in the sound discretion of the district court, and will not be disturbed absent an abuse of that discretion, the exercise of that discretion is guided by certain basic principles.

One of the key guiding principles is reflected in the philosophy that shapes the rules of evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. The inclusionary quality of the rules is embodied in three cardinal concepts. The first of these concepts is Rule 401's definition of relevant evidence. Rule 401 defines what is relevant in an expansive fashion, stating:

> Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401.

Adopting this view of relevance, it has been held that "[u]nder [Rule] 401, evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' [Therefore] 'It follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving

judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant.' " Frank v. Cty. of Hudson, 924 F. Supp. 620, 626 (D.N.J. 1996) (citing Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir.1994)) (quotations omitted).

This quality of inclusion embraced by the Federal Rules of Evidence is further buttressed by Rule 402, which generally defines the admissibility of relevant evidence in sweeping terms, providing that:

> Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible.

Fed. R. Evid. 402.

Thus, Rule 402 expressly provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." United States v. Sriyuth, 98 F.3d 739, 745 (3d Cir.1996) (citations omitted). These principles favoring inclusion of evidence are, however, subject to some reasonable limitations. Thus, Rule 403, provides grounds for exclusion of some potentially irrelevant but highly prejudicial evidence, stating that:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403 .

By permitting the exclusion of relevant evidence only when its probative value is "substantially outweighed" by other prejudicial factors, Rule 403 underscores the principle that, while evidentiary rulings rest in the sound discretion of the court, that discretion should consistently be exercised in a fashion that favors the admission of relevant proof unless the relevance of that proof is substantially outweighed by some other factors which caution against admission.

Guided by these general legal tenets, we note that the remaining issue in this case, while couched by the plaintiff in terms of a breach of contract, actually is more aptly described as litigation designed to determine the extent of liability under this insurance contract pursuant to the terms of the contract itself. Therefore, we turn to the issue framed by this motion *in limine*—namely, the question of whether the insurance policy limits and policy premiums paid by the plaintiff should be excluded from the trial of this case. On this question we are mindful that courts have come to differing conclusions. Compare Noone v. Progressive Direct Ins. Co*.,* No. 3:12CV1675, 2013 WL 8367579, at *2 (M.D. Pa. May 28, 2013) (denying motion *in limine*) with Lucca v. Geico Ins. Co., No. CV 15-4124, 2016 WL 3632717, at *2 (E.D. Pa. July 7, 2016) (granting motion *in limine*). On this score, we find the

rationale of the court in Lucca to be more persuasive. In Lucca, the district court granted a motion *in limine* excluding evidence relating to the policy limits and premiums paid on an insurance policy in a case involving assessing damages on a UIM claim, noting that:

> The Court acknowledges that the bar for relevance is low. However, the amounts of the policy limits and paid premiums, facts that are undisputed and therefore not for the jury to decide, do not even reach that low bar. The only issue for the jury to decide in this matter is the extent of [the plaintiff's] injuries from the accident. That [this] policy includes a [specific] underinsured motorist limit or that [a party] paid a certain amount in premiums for the policy does not have "any tendency to make [any fact at issue in this case] more or less probable than it would be without the evidence." See Fed. R. Evid. 401. Indeed, not only is the policy limit irrelevant in this case, introducing evidence of the policy limit may very well serve to prejudice [the insurer] by giving the jury an anchor number that has no bearing on [the plaintiff's] damages. For these reasons, the Court will exclude at trial any mention of the policy limits or the amount of premiums paid. Once a verdict has been rendered by the jury on the amount of damages suffered by [the plaintiff], the Court can mold the verdict appropriately to reflect the limits of both [the plaintiff's] policy and the third party tortfeasor's policy.

Lucca v. Geico Ins. Co., No. CV 15-4124, 2016 WL 3632717, at *3 (E.D. Pa. July 7, 2016). As to this legal question regarding the admissibility of policy limit and premium payment information, many courts, including this court, have chosen to follow the path set by Lucca and exclude this information from the trial of UIM contractual claims. See e.g., Onderko v. LM Gen. Ins. Co., No. 3:19-CV-02225,

8

2021 WL 4819322, at *5 (M.D. Pa. Oct. 16, 2021); Stewart v. GEICO Ins., No. 2:18-CV-00791-MJH, 2020 WL 6020578, at *1 (W.D. Pa. Oct. 11, 2020); Schmerling v. LM Gen. Ins. Co., Inc., No. CV 17-3659, 2018 WL 5848981, at *2 (E.D. Pa. Nov. 8, 2018); Ridolfi v. State Farm Mut. Auto. Ins. Co., No. 1:15-CV-859, 2017 WL 3198062, at *3 (M.D. Pa. July 27, 2017) (Carlson, M.J.).

Thus, in our view the position taken by the court in Lucca is the ascendent and better reasoned view on this issue. Therefore we will follow the course charted by Lucca and its progeny. As in Lucca, presently the sole remaining issue in this litigation is a contract claim by Ms. Bickel against State Farm which, in essence, entails assessing the scope of the plaintiff's injuries and damages. The amounts of the policy limits, or premiums paid, are not necessary or relevant to this factual inquiry by the jury and could have a misleading effect for the jury since it might imply some false measure of damages in this case, a measure of damages unrelated to Ms. Bickel's compensable recovery under her insurance policy with Progressive. Thus, this specific proof seems both irrelevant and potentially prejudicial and confusing for jurors.

In sum, providing the jury with policy limit and premium payment information could foster confusion and be fraught with potential prejudice, prejudice which could redound to the detriment of all parties. Since interjection of this

evidence presents great peril of prejudice, could lead to juror confusion, and is not relevant to any of the issues properly before the jury, this evidence should be excluded from the trial of this case.

We further agree with those courts which have found that information regarding the tortfeasor's policy limits and settlement should be excluded from the trial of a UIM claim since this information is not relevant to an assessment of the plaintiff's damages and may be prejudicial in that it may give "the jury an anchor number that has no bearing on [the plaintiff's] damages." Onderko v. LM Gen. Ins. Co., 567 F. Supp. 3d 495, 502 (M.D. Pa. 2021) (collecting cases). Instead, we agree that "[o]nce a verdict has been rendered ... the Court can mold the verdict appropriately to reflect the limits of both [the plaintiff's] policy and the third party tortfeasor's policy." Id. at 503. However, we concur with plaintiff's counsel that the plaintiff is entitled to establish the fact that she had procured an auto insurance policy from State Farm and had paid the premiums on that policy.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MINDY BICKEL,** | Civil No. 1:21-CV-1494 |
| **Plaintiff,** | |
| v. | |
| | **(Magistrate Judge Carlson)** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** | |
| **Defendant.** | |

## **ORDER**

For the forgoing reasons, IT IS ORDERED that the defendant's motion *in limine* (Doc. 30) is GRANTED, and the plaintiff is precluded from referring to the amount of the policy limits, premium payments, or the amounts of the tortfeasor's policy limits and settlement at the trial of this case.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

Dated: October 11, 2022.